UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|                    |   |                          |
|--------------------|---|--------------------------|
|                    | : |                          |
| CHAD MAESSE        | : |                          |
|                    | : |                          |
| v.                 | : | CIV. NO. 3:06CV1412 (HBF) |
|                    | : |                          |
| LEONARD ROSATI     | : |                          |
| BRIAN OLIVER       | : |                          |
|                    | : |                          |
|                    | : |                          |
|                    | : |                          |

RULING ON DEFENDANTS' RULE 50 MOTION

Plaintiff Chad Maesse brought this civil rights action under
42 U.S.C. §1983, against Stratford Police officers Leonard Rosati
and Brian Oliver alleging excessive force, false arrest and
malicious prosecution in violation of the United States
Constitution.  A jury trial commenced on April 1, 2008.

At the end of plaintiff's case, defendants moved for
judgment as a matter of law pursuant to Rule 50(a) of the Federal
Rules of Civil Procedure. The Court granted the motion on the
false arrest and malicious prosecution claims prior to charging
the jury. This opinion memorializes that ruling.

The questions presented were whether plaintiff's plea of
nolo contendere to a non-criminal infraction of creating a public
disturbance  constituted a favorable termination of his criminal
charges, and whether a favorable termination was an element of a
false arrest claim.

For the reasons that follow, the Court found that a
favorable termination is an element of a false arrest claim and
that plaintiff's plea did not constitute a favorable termination

and entered judgment as a matter of law for defendants on the claims of false arrest and malicious prosecution.

BACKGROUND

The following facts are essentially undisputed.

On November 15, 2004, Chad Maesse was taken into custody by Stratford police after a cab driver identified plaintiff as one of two men who allegedly jumped a fare.

While in the holding cell, plaintiff loudly protested his innocence. Officer Rosati directed plaintiff to remove his outer clothing, jewelry, belt and shoelaces. After plaintiff did not comply, Officer Rosati entered the holding cell, followed by Officer Oliver. The parties disagree on whether plaintiff or Officer Rosati threw the first punch, and whether defendants assaulted plaintiff while he was in their custody. However, it is undisputed that Officer Rosati punched plaintiff, hitting him in the right eye. Plaintiff's alleged injuries included a laceration above his right eyebrow and two broken bones near plaintiff's right eye. Mr. Maesse was charged with larceny in the sixth degree, interfering, and assault on an officer.

As a result, Mr. Maesse was required to appear in court several times to defend himself against the criminal charges.

RULE 50(a)

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient

evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R. Civ. P. 50(a)(1). Because a judgment as a matter of law intrudes upon the rightful province of the jury, it is highly disfavored. The Second Circuit has emphasized that, in ruling on such a motion, a court is "required to consider the evidence in the light most favorable to the party against whom the motion was made and to give that party the benefit of all reasonable inferences that the jury might have drawn in his favor from the evidence." Tolbert v. Queens Coll., 242 F.3d 58, 70 (2d Cir. 2001) (citing Smith v. Lightning Bolt Prods., Inc., 861 F.2d 363, 367 (2d Cir. 1998)); see also Luciano v. Olsten Corp., 110 F .3d 210, 214-15 (2d Cir. 1997); EEOC v. Ethan Allen, Inc., 44 F.3d 116, 119 (2d Cir. 1994). The Court "cannot assess the weight of conflicting evidence, pass on the credibility of the witnesses, or substitute its judgment for that of the jury." Tolbert, 242 F.3d at 70 (quoting Smith, 861 F.2d at 367).

Evidence Viewed In A Light Most Favorable to Plaintiff

Viewed in a light most favorable to plaintiff, the evidence at trial supports the granting of this motion.

Attorney Nancy Aldrich testified that she was retained in November 2004 to represent Mr. Maesse on his criminal charges. She testified that her first court appearance on behalf of Mr. Maesse was December 13, 2004, and that the charges against Mr. Maesse were resolved on April 7, 2005. Attorney Aldrich testified that she discussed with the prosecutor an alternate disposition

of the charges that did not involve criminal charges. The State agreed to drop the criminal charges against plaintiff and plaintiff was charged with an infraction of creating a public disturbance. Attorney Aldrich agreed that the applicable statue defined the charge as, "(a) A person is guilty of creating a public disturbance when, with intent to cause inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he (1) engages in fighting or in violent, tumultuous or threatening behavior; or (2) annoys or interferes with another person by offensive conduct; or (3) makes unreasonable noise. (b) Creating a public disturbance is an infraction." Conn. Gen. Stat. § 53a-181a. She explained that the infraction was not a crime and plaintiff would have no criminal record. She said she told him that this was "as good as we can do." She explained that the infraction was like a parking ticket or speeding ticket. A fine/fee is paid and there is no record. She stated that plaintiff accepted the disposition and pleaded guilty to the infraction.

DISCUSSION

Defendants seek judgment as a matter of law on the false arrest and malicious prosecution claims, arguing that plaintiff's plea to the non-criminal infraction "creating a public disturbance" does not constitute a favorable termination to the charge of assaulting an officer.

> "Claims for false arrest or malicious
> prosecution, brought under [Section] 1983 to

4

vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003). Under Connecticut law-and, therefore, under Section 1983-to state a claim of false arrest the plaintiff must allege that the prosecution terminated in his favor. See Roesch v. Otarola, 980 F.2d 850, 853-54 (2d Cir. 1992) (holding that under Connecticut law, a false arrest plaintiff must show that the charges terminated favorably). Similarly, "[t]o prevail on a claim of malicious prosecution, a plaintiff must prove that ... 'the criminal proceedings have terminated'" in his favor. Heussner v. Day, Berry & Howard, LLP, 94 Conn. App. 569, 577 (2006) (quoting McHale v. W.B.S. Corp., 187 Conn. 444, 447 (1982)). "'Proceedings are terminated in favor of the accused only when their final disposition is such as to indicate the accused is not guilty.'" Figueroa v. Kroll, No. 98 CV 0837, 2004 WL 2924492, at *7 (S.D.N.Y. Dec.16, 2004) (quoting Singleton v. City of New York, 632 F.2d 185, 193 (2d Cir. 1980)). A plaintiff may satisfy this element by showing "that he 'was discharged without a trial under circumstances amounting to the abandonment of the prosecution without request by him or arrangement with him.'" White v. Wortz, 66 F. Supp. 2d 331, 334 (D. Conn. 1999) (quoting See v. Gosselin, 133 Conn. 158, 160 (1946)); see also Posr v. Court Officer Shield # 207, 180 F.3d 409, 418 (2d Cir. 1999) ("[I]f the outcome was the result of a compromise to which the accused agreed, or an act of mercy requested or accepted by the accused, . . . it is not a termination in favor of the accused for purposes of a malicious prosecution claim." (internal quotation marks and citation omitted)); Russo v. City of Hartford, 184 F. Supp. 2d 169, 186 (D. Conn. 2002) ("[S]o long as the prior action terminated without any adjudication against, or settlement requiring consideration from, the . . . plaintiff, the Connecticut Supreme Court deems the termination prong satisfied.") (emphasis added); DeLaurentis v. City of New Haven, 220 Conn. 225, 250-51, 597 A.2d 807 (1991)

> (explaining that "favorable termination" in
> the criminal context means that the charge
> "was abandoned or withdrawn without
> consideration, that is, withdrawn without . .
> . a plea bargain").

Torres v. Howell, No. 3:03CV2227 (MRK)(WIG), 2007 WL 2022046, *2
(D. Conn. July 9, 2007).  See also Miller v. Moynihan, 453 F.
Supp. 2d 453, 459 n.3 (D. Conn. 2006).  Plaintiff may satisfy the
element of "favorable termination" "by showing that he was
discharged without a trial pursuant to circumstances that
demonstrate that the prosecution was abandoned without request by
him or arrangement with him."  Clark v. Dowty, No. 3:05-CV-1345
(WWE), 2007 WL 2022045, *5 (D. Conn. July 9, 2007) (quoting White
v. Wortz, 66 F. Supp. 2d 331, 334 (D. Conn. 1999)).

    In this case, the dismissal of the criminal charges against
Mr. Maesse was conditioned on his plea to the infraction of
creating a public disturbance.  Attorney Aldrich testified that
this "alternate disposition" was as "good as we [could] do" to
resolve the criminal charges against Mr. Maesse. This arrangement
does not satisfy the requirement of a favorable termination as it
was clearly conditioned upon plaintiff's agreement to plead to an
infraction.  On the basis of these undisputed facts, it is
apparent that the criminal charges against plaintiff were not
discharged under circumstances amounting to an abandonment of the
prosecution without an arrangement, consideration, condition or
settlement.  Accordingly, plaintiff has not established that the

charges against him were terminated in his favor.[1]

<u>CONCLUSION</u>

For the foregoing reasons, defendant's oral Motion for Judgment as a Matter of Law **[undocketed]** brought at the conclusion of plaintiff's case is **GRANTED** on the claims of false arrest and malicious prosecution.

This is not a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge [Doc. #36] on February 27, 2008 with appeal to the Court of Appeals.

SO ORDERED at Bridgeport this 8th day of April 2008.


___/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

---

[1]Plaintiff's counsel argued that favorable termination was not a requirement for a false arrest claim.  While it is true that the validity of <u>Roesch</u> has been questioned, <u>Torres</u>, 2007 WL 2022046, *2 n.4,  the Court is bound by the Court of Appeals' construction of Connecticut law unless the state courts speak authoritatively on the issue.